UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DENNIS-JAMES KELSEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Case No. 09-2321 (RJL) |
| | ) |
| BANK OF AMERICA, N.A. *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## MEMORANDUM ORDER
(February /6 , 2010) [# 4,5,7,9]

This is the second complaint that plaintiff Dennis-James Kelsey ("Kelsey") has filed in this Court seeking to prevent foreclosure on his property located in Arizona. Defendants Bank of America, N.A., ReconTrust Company, N.A., and the Maricopa County, Arizona Sheriff's Department filed motions to dismiss, or in the alternative, to transfer the case to the United States District Court for the District of Arizona.[1] For the same reasons as specified in the memorandum order transferring *Kelsey v. Bank of America, et al.*, Case No. 09-cv-2006, the Court GRANTS the defendants' motion to transfer.

The defendants assert that the proper venue for this case is the District of Arizona. I agree. Title 28 of the United States Code § 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil

---

[1] Kelsey also sued the Maricopa County Superior Court, which has not submitted any filings in this litigation.

action to any other district or division where it might have been brought." The statute vests discretion in the district court to adjudicate motions for transfer on an "individualized, case-by-case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, (1964)).

Under § 1404(a), the moving party bears the burden of establishing that the transfer is proper. *See Beckham v. Nat'l R.R. Passenger Corp.*, 496 F. Supp. 2d 57, 58 (D.D.C. 2007). To do so, the defendant must show that the plaintiff could have originally brought the action in the proposed transferee district and that considerations of the convenience of the parties, the convenience of the witnesses, and the interests of justice weigh in favor of transfer. *Id.* Here, the property in question is in Arizona; Kelsey is an Arizona resident; multiple defendants do not appear subject to personal jurisdiction in the District of Columbia; and none of the events or actions giving rise to the complaint have any connection to the District of Columbia. Furthermore, none of the evidence, such as official copies of documents recorded in various Arizona counties, loan files, and correspondence, are located in the District of Columbia. Finally, Arizona has a vested interest in the outcome of this dispute concerning property located in Arizona, and Arizona substantive law governs those allegations that are raised under state, rather than federal, law. Since the Arizona federal courts are much more familiar with that law, it is also in the interest of justice to transfer the case to that Court.

2

Thus, the Court finds it is in the interest of justice to transfer this case to the District of Arizona under 28 U.S.C. § 1404(a), and it is hereby

**ORDERED** that defendants' Motions to Transfer Venue [# 4,5,7,9] are **GRANTED** and it is further

**ORDERED** that the above-captioned case be transferred to the District of Arizona.

**SO ORDERED.**

RICHARD J. LEON
United States District Judge